IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK E. BROOM, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 09-0634-CV-W-ODS ) |
| LARRY DENNEY, et al., | ) ) |
| Respondents | ) ) ) |

ORDER AND OPINION DENYING PETITION FOR WRIT OF HABEAS CORPUS

Pending is Petitioner's application for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). The petition is denied.

I. BACKGROUND

Petitioner is an inmate at the Crossroads Correctional Center in Cameron, Missouri. Petitioner shot two men at a Kansas City apartment in 1988, killing one. Petitioner is serving a sentence of life without parole for first degree murder, 30 years for first degree assault, and 30 years each for two counts of armed criminal action. The Missouri Court of Appeals–Western District affirmed Petitioner's convictions on direct appeal. The court of appeals later affirmed the denial of Petitioner's motion for postconviction relief and issued its mandate on August 20, 2008. Petitioner filed his § 2254 petition raising three grounds of relief in federal court on August 13, 2009.

II. DISCUSSION

An § 2254 petition shall not be granted if it does not appear that the petitioner has exhausted the remedies available in state courts. 28 U.S.C. § 2254(b)(1)(A). A

§ 2254 petition also shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the decision was (1) contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).

*1. Ground One: Mention of Appeal*

At trial, Nicholas Miller, the surviving victim of Petitioner's shooting, was asked to step down from the witness stand and testify regarding a defense exhibit portraying an area of the apartment where the shooting occurred. Without a question being posed, Miller asked the trial judge, "Can I say one thing about the drawing?" The judge declined and explained, "[T]he reason for it is this, is you might say something that would constitute reversible error on appeal and all of the fine efforts of these folks, yourself, or the lawyers and everyone else might be nullified." Petitioner moved for a mistrial, arguing he was prejudiced by the trial judge's mention of an appeal because it presupposed a conviction. The judge denied the motion and reinstructed the jury that it alone was charged with determining the facts from the evidence and that none of the judge's statements, rulings, or remarks were intended to indicate his opinion of the case. Petitioner unsuccessfully argued on direct appeal that the trial court's mention of appellate review violated *Caldwell v. Mississippi*, 472 U.S. 320, 328-29 (1985) (an Eighth Amendment case) and Missouri common law prohibiting the mention of appellate review during a criminal trial.

Petitioner now presents a new legal theory–that the trial court's mention of appeal violated his due process right to a fair trial. This legal theory is barred because Petitioner did not fairly present it in state court. *See Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009) (noting that habeas petition need not be exact duplicate, but must present same legal and factual bases to federal courts that were presented to state court). Petitioner's theory also fails to qualify him for relief under 28 U.S.C. § 2254(d)(1). The court of appeals did not even mention–much less unreasonably

2

apply–the governing legal principal cited by Petitioner involving the due process clause. *See Losh v. Fabian*, 592 F.3d 820, 823 (8th Cir. 2010) (noting that unreasonable application clause of § 2254(d)(1) requires that state court apply *correct* governing legal principle in objectively unreasonable manner). Nor did the court of appeals (1) "'arrive[ ] at a conclusion opposite to that reached by [the Supreme] Court on a question of law,'" or (2) "'decide[ ] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Id.* (stating when state court decision is contrary to clearly established federal law as determined by Supreme Court). Petitioner is not entitled to habeas relief on Ground One of his petition. *See* 28 U.S.C. § 2254(d)(1).

### 2. *Ground Two*: *Batson*

Petitioner is African-American. One of the prosecutor's preemptory strikes was prospective juror five, an African-American whose son served 6-months in prison on drug charges 1 1/2 years earlier. The prosecutor explained that he "strikes jurors whose sons are in jail or have been in jail for some substantial amount of time." Petitioner challenged this rationale because the prosecutor did not strike prospective jurors eight and twenty-five, both of whom were white and had sons that had been incarcerated. The prosecutor responded that he did not strike prospective juror eight because her sons spent little time in a county jail for vandalism and because she had stated the experience was "good for them." The prosecutor explained he did not strike prospective juror twenty-five because he understood that her son had not spent time in jail (this was incorrect) and because the prosecutor "like[d] the way [she] hung in there against [defense counsel], arguing with her about the law."[1] The state court of appeals

---

[1] The prosecutor was referring to an exchange beginning with defense counsel's question to the panel whether anyone "would need to hear from [Petitioner] before they made a finding of not guilty." Prospective juror twenty-five seemed surprised, asking, "[W]e could sit here on the whole trial and never hear him speak?" Although she later stated she would follow the court's instruction not to infer guilt from Petitioner's silence, she also asked defense counsel, "It is perfectly okay for him to speak if he wants to?" When informed that the choice to testify was solely between Petitioner and counsel, she

3

affirmed the trial court's denial of Petitioner's *Batson* challenge on direct appeal. The court reasoned that the prosecutor's basis for the strike was race-neutral and that purposeful discrimination had not been shown.

Petitioner challenges the court of appeals' decision that the prosecutor's rationale for the strike was not inherently discriminatory.[2] *Batson* required that the prosecutor offer a race-neutral basis for striking prospective juror five. *See Snyder v. Louisiana*, 552 U.S. 472, 476-77 (2008). Petitioner has not shown that the state court arrived at a conclusion opposite the Supreme Court on a question of law or that the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts. *See Losh*, 592 F.3d at 823. Nor has Petitioner shown that the governing principle in *Batson* was unreasonably applied. *See U.S. v. Carr*, 67 F.3d 171, 175 (8th Cir. 1995) (holding that fact son was incarcerated was "a valid reason for the strike"). Petitioner also maintains the court of appeals' decision was unreasonable because the court failed to consider all evidence showing that the prosecutor's proffered reason was pretextual. *Batson*'s third step of the analysis required the trial court to make the factual determination whether the defendant established purposeful discrimination. *See Snyder*, 552 U.S. at 476-77. Evidence of pretext exists where "a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve." *Miller-El v. Dretke*, 545 U.S. 231, 241 (2005). *Batson* held that a reviewing court ordinarily should give "great deference" to a trial court's factual determination of whether discrimination occurred. *Batson v. Kentucky*, 476 U.S. 79, 98 n.21 (1986). The court of appeals applied these principles and determined that prospective juror five was not similarly situated to prospective juror eight because the latter had volunteered that jail time had been good for her sons, while

---

began to ask, "And assuming that he has a choice . . . ." The prosecutor objected at this point, ending the exchange.

[2] Petitioner wrongly characterizes the court of appeals' decision as a factual determination. The question whether a proffered reason is race-neutral is a question of law, not a question of fact. *See United States v. Johnson*, 941 F.2d 1102, 1108 (10th Cir. 1991).

4

prospective juror five made no such statement.  Also, prospective juror twenty-five indicated her son only spent a short time in jail, while prospective juror five's son spent 6 months in prison.  The court of appeals' decision was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court.  Petitioner is not entitled to habeas relief on Ground Two of his petition. *See* 28 U.S.C. § 2254(d)(1).

### 3. Ground Three:  Ineffective Assistance

Miller (the surviving victim) testified at trial that the shootings were unprovoked and that he heard Steven Gipson, the other victim, say, "No, Mark, no," before being shot and killed.  On cross-examination, Petitioner's defense counsel asked Miller whether he was a drug dealer.  Miller responded, "No, that is not right."  Petitioner asserted in his state postconviction proceeding that trial counsel was ineffective for failing to call Jonathan Wadlowe to testify.  Wadlowe would have testified that Miller recently had displaced Petitioner as a drug dealer in the area before the shootings and that Wadlowe had seen Miller engage in drug dealing at Gipson's apartment the day the shootings happened.  According to Petitioner, Waldowe's testimony would have impeached Miller by showing that he was lying about not being a drug dealer and would have supported Petitioner's defense that he did not deliberate because Gipson was killed during a fight over "drug sales turf."  Trial counsel testified at the evidentiary hearing on Petitioner's state postconviction motion that she could not remember why she did not call Wadlowe to testify.  The court of appeals affirmed the denial of postconviction relief after concluding Petitioner failed to prove either deficient performance or prejudice under *Strickland*.

The court of appeals' decision was not unreasonable.  The court of appeals followed clearly established Supreme Court precedent requiring a "strong presumption" that counsel's performance was adequate in denying Petitioner relief.  *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009).  The court correctly determined that Petitioner failed to rebut this presumption; trial counsel's inability to remember why she

5

did not call Wardlowe to testify almost 6 years after the trial occurred did not establish that counsel's decision lacked competence. Assuming Wadlowe's potential testimony was admissible,[3] Petitioner also misapprehends its significance in arguing that the court of appeals unreasonably determined he failed to establish the prejudice prong of *Strickland*. The evidence was that Gipson pleaded with Petitioner to not shoot before Petitioner killed him by shooting him in the back from 4 feet away. The jury would not have been less likely to convict Petitioner of first-degree murder if it had been told that Gipson's death was the result of a drug rivalry between Petitioner and Miller. *See id.* at 1422 (noting claimant must show reasonable probability result would have been different to establish prejudice). Petitioner is not entitled to habeas relief on Ground Three of his petition. *See* 28 U.S.C. § 2254(d).

### III. CONCLUSION

Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 is denied.
IT IS SO ORDERED.

                                  /s/ Ortrie D. Smith
                                  ORTRIE D. SMITH, JUDGE
DATE: May 3, 2010                UNITED STATES DISTRICT COURT

---

[3] This Court is not convinced that Wadlowe's testimony would have been helpful to Petitioner for any purpose other than contradicting Miller's denial of being a drug dealer. *See U.S. v. Carter*, 410 F.3d 1017, 1022-23 (8th Cir. 2005) (noting that extrinsic evidence of collateral matter not admissible).